# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ADRIAN L. DUNN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-1026-JAR |
| JAYNIE ZAKIBE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's second amended complaint [Doc. #13]. For the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

In reviewing a pro se complaint under § 1915A, the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Second Amended Complaint

Plaintiff, an inmate at the Oakdale Federal Correctional Institution in Oakdale, Louisiana, seeks monetary relief in this action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The named defendants are the following employees of the United States Customs and Border Protection Department of Homeland Security: Jaynie Zakibe (Penalties and Forfeiture Officer), Mark King (Special Agent), Scott Francis (Special Agent), and Vicki Asher (Special Agent, retired). Plaintiff claims that, in connection with an allegedly improper criminal forfeiture proceeding in 2009, defendants intentionally deprived him of personal property in violation of his Fifth Amendment due process rights, as well as his Fourth Amendment rights.

## Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the pleading as

including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Suits brought against federal officials in their official capacities are, in essence, suits against the United States of America. Because the doctrine of sovereign immunity prevents courts from exercising subject matter jurisdiction over the United States, suits against officers in their official capacities are typically barred, as well.[1] As such, this second amended complaint will be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because this Court lacks subject matter jurisdiction in this case. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Adrian L. Dunn, Sr. v. Jaynie Zakibe, Mark King, Scott Francis, and Vicki Asher*.

---

[1] Plaintiff does not allege, nor does it appear, that the United States has consented to be held liable for constitutional violations such as those presented in this action. *See also, Tucker v. United States*, 2013 WL 4498897 (D. Utah 2013)(dismissing plaintiff's official-capacity Fifth Amendment claims for lack of subject matter jurisdiction and noting that an "official capacity *Bivens* suit" is an oxymoron).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of January, 2014.

                                      JOHN A. ROSS
                                      UNITED STATES DISTRICT JUDGE